## Phelps v. Gregg

*Richard H. Scobell*, for plaintiffs.

*Elderkin, Martin & Kelly*, for defendant.

CARNEY, J., March 4, 1966.—This is an action of trespass arising out of an accident which occurred April 25, 1965, in which plaintiffs, Jennie B. Phelps and J. Ross Phelps, her husband, and their granddaughter, Chris Ann Bensink, suffered personal injuries.

The matter now before the court concerns the following:

1. A motion to vacate or restrict order for a physical examination of the three plaintiffs.

2. A motion for discovery by production and inspection of documents, and this relates to signed statements given by J. Ross Phelps and Jennie B. Phelps a few days after the accident.

3. A motion to suppress or restrict a pending examination, which concerns pending depositions.

Concerning the physical examinations, the court is

of the opinion that under Pennsylvania Rule of Civil Procedure 4010, defendant is entitled to such examination, and plaintiffs will be ordered and directed to appear for said examination at the prescribed time and place. Defendant will, however, furnish plaintiffs' counsel with copies of the doctor's medical report.

The second and third motions are interrelated, and will be considered in that manner.

It is our conclusion that under Pa. R. C. P. 4011(d), the court has no authority to compel defendant's counsel to supply plaintiffs with the requested documents. One must, then, decide whether defendant is entitled, under all the circumstances, to take the requested depositions on all phases of the case.

Rule 4007(a) is as follows:

"Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and *will substantially aid in the preparation of the pleadings or the preparation or trial of the case*". (Italics supplied.)

Counsel for plaintiffs contends that having already ascertained all the relevant facts dealing with the liability aspects of the case, by reason of the statements, defendant cannot be substantially aided in the preparation of his case by the discovery sought; that the true purpose of asking for the depositions is to place plaintiffs in a poor tactical position by using the prior statements to set up contradiction which may be used at trial.

Pennsylvania Rule of Civil Procedure 4011(a) states that no discovery or inspection shall be permitted which is sought in bad faith. We believe that defend-

ant's request for oral depositions, while at the same time refusing plaintiff's requests for copies of their statements, brings the instant case within the provisions of section 4011(a).

Where defendants have taken prior written statements from a plaintiff, and then seek discovery while refusing to furnish plaintiff with a copy of that statement, it is apparent that the discovery is not sought in good faith: Perkins v. Pittsburgh Railways Co., 6 D. & C. 2d 655.

It is our opinion that if defendant is seeking the depositions in good faith, and not to obtain a "script for trial", then there should be no objection to furnishing plaintiff with copies of their statements. The refusal to do so is indicative to this court of bad faith. Therefore, defendant will either furnish plaintiffs with copies of their statements, or their depositions will be limited to questions concerning their physical injuries and their expenses.

## ORDER

And now, to wit, March 4, 1966, it is ordered and directed as follows:

1. That plaintiffs appear for physical examinations at the office of Doctor Paul W. Layden, 2626 Sigsbee Street, Erie, Pa., at the following times: Jennie B. Phelps, March 8, 1966, at 1:30 p.m., J. Ross Phelps, March 8, 1966, at 2:45 p.m., Chris Ann Bensink, March 11, 1966, at 1:30 p.m.

That following said examinations, counsel for plaintiffs and defendant are further directed to exchange medical reports.

2. That in the event defendant's counsel refuses to furnish plaintiffs' counsel with the signed statements of Jennie B. Phelps and J. Ross Phelps, their depositions will be limited to questions concerning their physical injuries and their expenses. In the alternative,

if said statements are furnished by defendant's counsel, then the depositions will cover all phases of the accident in question and the resultant injuries.